Johnny FUENTES, Appellant,

v.

The STATE of Texas, Appellee.

No. 45686.

Court of Criminal Appeals of Texas.

Jan. 31, 1973.

Rehearing Denied March 28, 1973.

Thomas M. Roberson, Houston, for appellant.

Carol Vance, Dist. Atty., James C. Brough, L. H. Stewart, Asst. Dist. Attys., Houston, Jim D. Vollers, State's Atty., and Robert A. Huttash, Asst. State's Atty., Austin, for the State.

## OPINION

DICE, Commissioner.

The conviction is for the sale of heroin; the punishment, enhanced under Art. 63, Vernon's Ann.P.C., by reason of three prior convictions for felonies less than capital, life imprisonment.

Appellant's sole claim of error in the brief filed by his counsel is that the three prior convictions were improperly used for enhancement because in each of the convictions he was not advised that he had the right of appeal.

It was the appellant's testimony that he was not advised of the right to appeal in any of the prior convictions.

The record reflects that in each of the three prior convictions appellant was represented by counsel. In the first conviction in 1954 he received a two year probated sentence. The docket sheet in the cause contained the notation, "Recognizance $1000.00, pending appeal." There is no evidence that he desired to appeal in the other two convictions and was denied the right. There is no evidence that appellant was indigent. Under the record there is

no showing that appellant was denied the right to appeal under the rules stated in Pate v. Holman, 341 F.2d 764 (Fifth Circuit, 1965) cited by appellant.

The ground of error is overruled.

Other contentions urged in appellant's amended and supplemental pro se briefs filed in this Court have been considered and no error is perceived.

 The sentence imposed by the trial court orders that appellant be confined in the Department of Corrections for "not less than 5 years nor more than life."

The sentence is reformed so as to provide no minimum punishment and to read that appellant be confined in the Department of Corrections for life. Art. 63, V.A.P.C.

The judgment as reformed is affirmed.

Opinion approved by the Court.